S. Samuei Di Falco, S.
A question has been raised in this accounting proceeding with respect to the disposition of the remainder of the residuary trust which has fallen in by reason of the death of testatrix’ daughter, the income beneficiary.
*222 So far as necessary for the purpose of determining the question before us, “ Article Seventh ” reads:
‘‘ Article Seventh: * * * As a token of my esteem for Professor Guido Baccelli, founder of the Polyclinic of Rome, Italy, I give and bequeath all the rest, residue and remainder of my estate, together with any and all accumulations, to the University of Rome, Italy, absolutely and forever, and I direct my Trustees to pay over and convey same to the said University of Rome, absolutely and forever. It is my will and I instruct that the University of Rome shall erect, purchase or construct such building or buildings out of said sum as they may deem proper as and for a modern hospital, with all the best equipments, for those suffering from tuberculosis, or for the amelioration or prevention of tuberculosis.
“ While I do not direct where the building or buildings should be constructed or located, yet if it is possible I should prefer same to be on the grounds now used by the medical clinic or polyclinic, or as near there at possible, in their discretion, and I should wish one of said buildings to be used exclusively for children and the other for adults.
‘ ‘ I direct that the portion of my legacy left after the acquisition, construction and equipment of said modern hospital or hospitals for tuberculosis, with the latest improvements and equipments, shall be applied to the maintenance and support of same or of patients suffering from tuberculosis or for the amelioration or prevention of tuberculosis, and it is my wish that this donation which I am giving to the University of Rome for the building or buildings which may be constructed shall be known as and bear the name of £ Eleanora Lorillard Spencer Cenci Donation. ’
“ I Hereby declare that upon my Trustees paying over this legacy to the University of Rome, my said Trustees shall have no obligation or responsibility whatsoever to see that it is properly expended, but a receipt from the University of Rome to them will be a complete and final discharge to my said Trustees.”
Article “Third” of the codicil thereto reads as follows: £ ‘ Article third : It is my wish that the University of Rome shall accept and apply the legacy to it bequeathed in Article Seventh, Part Three, of my said Last Will and Testament, but if by reason of any failure to obtain the Royal Decree or other necessary authority to take such legacy, or any other reason Avhatsoever by which said University of Rome may fail to receive or to take such legacy, then and in that event I give and bequeath the same and the whole thereof to the City of Rome, upon the *223 same terms and conditions and subject to the same directions and requests as are contained in my said Last Will and Testament concerning the said bequest to the University of Borne; and if, for any reason, the said University of Borne shall fail to take said legacy, then the same shall be and belong to the said City of Borne for the uses and purposes indicated in my said last will and testament, and shall be known as and bear the name ‘ Eleanora Lorillard Spencer Cenci Donation ’ as directed in my said Last Will and Testament concerning the said bequest and legacy to the said University of Borne.”
The University of Borne has caused to be filed in this court a document purporting to be an acceptance of the bequest.
Petitioners have requested instructions as to the disposition of the remainder. The individual respondents are relatives of the deceased daughter and sole distributee of testatrix. Their interest is dependent upon the success of their pending effort to set aside her will. They contend that the University of Rome already has a building devoted to the treatment of tuberculosis. They further contend that there is no need for such a hospital as desired by the testatrix as the decrease of the disease and the other facilities for treatment make additional facilities unnecessary. They propose that the remainder be distributed as intestate property to the estate of the sole distributee of the testatrix. They also contend that no general charitable intent is shown by the will and that cy pres is therefore not applicable. If cy pres is applicable they urge that it be exercised in favor of a hospital organized and existing in New York State.
The University of Borne on the other hand argues that the gift over to it is unconditional in nature and complete by its terms; that there is no need to apply the cy pres doctrine and that in any event there is great need for the gift to combat the disease' of tuberculosis in Italy.
The University of Borne has filed an acceptance of the bequest and an undertaking to carry out the provisions of the Avill as outlined in the above-quoted portions thereof. Such action on the part of the University of Rome might well have led this court to hold that the .conditions laid doAvn by the Avill having been fulfilled, the trustees by paying over the fund to the university would discharge their obligation and have no further responsibility Avith respect to the trust. The testatrix entrusted the fulfillment of her plan to the university.
However in view of the assertion of the individual respondents that neither the University of Borne nor the City of Borne can or will carry out the charitable purposes as set forth in this bequest, the court has permitted a hearing on the subject.
*224 It clearly appears from the examination of competent and qualified medical men, familiar with the treatment of the disease in question, that further facilities for maintenance and treatment are still necessary in Rome. There, as in this country, great advances have been made in overcoming this dread affliction but much remains to be done in treatment, equipment, research and education.
The court holds that the remainder should be paid as directed by the testatrix to the University of Rome and that upon such payment, the trustees be discharged of all responsibility with respect to this bequest.
In reaching this conclusion, the court has not considered University of Rome’s Exhibits 3, 4 and 5 and the objections to their introduction in evidence are sustained. All other objections on which rulings were reserved are overruled.
Submit decree on notice accordingly.